**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Juan Ramon RAMIREZ–LOPEZ,
Defendant–Appellant.**

No. 06–50600.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 27, 2007.

Filed Oct. 17, 2007.

Arnold Dale Blankenship, USSD–Office of the U.S. Attorney, U.S. Attys. Office, Southern District of California, Criminal Division, San Diego, CA, for Plaintiff–Appellee.

Janet Tung, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: WALLACE, T.G. NELSON, and IKUTA, Circuit Judges.

MEMORANDUM *

Juan Ramon Ramirez–Lopez appeals the district court's denial of his motion to dismiss his 8 U.S.C. § 1326 indictment. We have jurisdiction over this case pursuant to 28 U.S.C. § 1291, and we affirm.

An alien can collaterally attack an underlying deportation order only if he can demonstrate that he can meet all of the requirements of 8 U.S.C. § 1326(d), including that he "exhausted any administrative remedies that may have been available to seek relief against the order." 8 U.S.C. § 1326(d)(1). Ramirez concedes that he did not file a timely appeal from the immigration judge's ("IJ") order and that he therefore failed to exhaust an available administrative remedy.

■ Ramirez sets forth three arguments as to why this failure to exhaust should be excused: (1) the failure to file an appeal was due to ineffective assistance of counsel, (2) the IJ incorrectly stated that Ramirez was not eligible for a grant of voluntary departure and the waiver of his right to appeal was therefore not consid-

ered and intelligent, and (3) his appeal would have been futile. Ramirez's first and third arguments are waived because they were not raised to the district court. *See United States v. Pimentel–Flores,* 339 F.3d 959, 967 (9th Cir.2003) ("Issues not presented to the district court cannot generally be raised for the first time on appeal."). Additionally, with respect to his argument of attorney error, there is no evidence that Ramirez had retained an attorney to file an appeal.

■ As for Ramirez's second argument, because the IJ was correct when he stated that Ramirez was not entitled to a grant of voluntary departure, Ramirez's waiver was valid. *See* 8 C.F.R. § 1240.26(b)(1)(i)(E) (providing that an IJ may not grant voluntary departure if the alien has committed an aggravated felony).

■ We reject Ramirez's argument that 8 U.S.C. § 1229c(e) (which grants to the Attorney General authority to "by regulation limit eligibility for voluntary departure under this section for any class or classes of alien") and 8 C.F.R. § 1240.26(b)(1)(i)(E) are unconstitutional. Not only is this argument waived because it was raised for the first time in Ramirez's reply brief, *see Bazuaye v. INS,* 79 F.3d 118, 120 (9th Cir.1996) ("Issues raised for the first time in the reply brief are waived."), but we also find the argument to be without merit. Congress expressly authorized the Attorney General to exercise his discretion to determine who may be permitted to voluntarily depart, and sufficiently delineated the field within which the Attorney General is to exercise that discretion. Therefore, 8 U.S.C. § 1229c is a constitutional delegation of rulemaking

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

authority. *Mistretta v. United States,* 488 U.S. 361, 372, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989).

The district court's denial of the collateral attack was proper as Ramirez cannot sustain his burden to demonstrate all of the elements of 8 U.S.C. § 1326(d). As per Ramirez's conditional plea agreement, the only issue he reserved the right to appeal was the district court's ruling on the collateral attack of the underlying deportation order.

AFFIRMED.

