**Larry Efosa BAZUAYE, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 94–70480.

United States Court of Appeals, Ninth Circuit.

Submitted March 6, 1996.[*]

Decided March 19, 1996.

---

[*] The panel unanimously finds this case suitable

Judith Wood, Wood & Moorman, Los Angeles, California, for petitioner-appellant.

Charles E. Pazar, Office of Immigration Litigation, United States Department of Justice, Washington, DC, for respondent-appellee.

Before: JAMES R. BROWNING, WALLACE, and FARRIS, Circuit Judges.

PER CURIAM:

 Bazuaye petitions us to reverse the decision of the Board of Immigration Appeals (Board) denying his request for voluntary departure pursuant to 8 U.S.C. § 1254(e)(1). We have jurisdiction over this timely appeal pursuant to 8 U.S.C. § 1105a(a)(1), and the Board exercised its jurisdiction pursuant to 8 C.F.R. §§ 3.1(b)(2) and 242.21. We review de novo the Board's interpretation of the Act. *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir. 1995). Its interpretation, however, is given deference. *Id.* We review de novo due process challenges to the Act's deportation pro-

for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34–4.

cedures. *Burgos–Abril v. INS*, 58 F.3d 475, 476 (9th Cir.1995).

■ Bazuaye seeks the discretionary relief of voluntary departure under 8 U.S.C. § 1254. Only persons of good moral character may obtain this relief. *See* 8 U.S.C. § 1254(e)(1). Section 1101(f)(3) defines persons of good moral character as excluding persons described in section 1182(a)(2)(A) of the Immigration and Nationality Act of 1952 (Act), i.e., those convicted of any law relating to a controlled substance or a drug-related crime. Bazuaye was convicted for possession of cocaine, in violation of California Health & Safety Code § 11350. He argued before the Board that his equities (a stable marriage, his education, his religious commitment and rehabilitation from drug use, as well as his regular payment of taxes) mandated a finding of good moral character, notwithstanding the statutory prohibition. The Board concluded that he cannot demonstrate himself a person of good moral character and cannot receive the discretionary relief of voluntary departure.

■ Against this obvious application of the Act, Bazuaye makes two constitutional claims. First, he asserts that, due to the Act's construction, he has been precluded from demonstrating his good character and thus his eligibility for voluntary departure. Because the statute defines those convicted of certain drug offenses as not possessing good moral character, Bazuaye argues that he is unable to demonstrate that he has, in fact, good moral character—in violation of his constitutional due process rights.

■ His argument does not carry him far. Bazuaye has not shown that he has any liberty or property interest which due process protects. Although we have recognized an illegal alien's liberty interest to remain in a home, *see American–Arab Anti–Discrimination Committee v. Reno*, 70 F.3d 1045, 1068–69 (9th Cir.1995), we have never recognized a deportable alien's liberty interest in the discretionary relief of voluntary departure.

We need not address that issue, however, because even if Bazuaye had such an interest, he has been denied no due process. He has had both a hearing before an immigration judge and review by the Board. Despite this process, he argues that he was precluded from demonstrating that he has good moral character. But "good moral character" is not some metaphysical entity which illegal aliens have a right to show. Rather, it is a statutory entity which Congress may define within broad constitutional bounds. *Mathews v. Diaz*, 426 U.S. 67, 83, 96 S.Ct. 1883, 1893, 48 L.Ed.2d 478 (1976) (Congress has discretion to make legal requirements for aliens as long as the requirements are not "wholly irrational"). Under Congress's definition, Bazuaye does not have good moral character.

■ As a matter of statutory construction, Bazuaye also contends that the Act's de minimis exception to voluntary departure ineligibility for drug traffickers, an exception not extended to those guilty of drug possession, has no rational basis. *See* 8 U.S.C. § 1101(f). Here, again, his argument fails, even if we were to accept his questionable statutory construction.

We have already ruled that Congress has no constitutional duty "to lay out crimes on a spectrum, and grant at least as much discretion for the less serious as for any more serious crimes." *Cabasug v. INS*, 847 F.2d 1321, 1327 (9th Cir.1988). Drug possession and drug trafficking are different crimes, and "[i]t is beyond dispute that Congress rationally may treat different crimes differently." *Id.* at 1328 (Wallace, J., concurring).

However, we need not reach this issue as Bazuaye only makes his rational basis argument in his reply brief. Issues raised for the first time in the reply brief are waived. *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir.1990).

PETITION DENIED.