Maria Deysi FRANCO, aka Maria Deysi Franco–Arias, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 01–70067.

INS No. A70–928–282.

United States Court of Appeals, Ninth Circuit.

Submitted March 11, 2002.*

Decided March 21, 2002.

Before CANBY, BEEZER, and PAEZ, Circuit Judges.

MEMORANDUM **

Maria Deysi Franco, a native and citizen of El Salvador, petitions for review of a final decision of the Board of Immigration Appeals ("BIA") denying her motion to reopen her deportation proceedings sua sponte pursuant to 8 C.F.R. § 3.2(a). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a).[1] *See Socop–Gonzalez v. INS*, 272 F.3d 1176, 1183 (9th Cir.2001) (en banc). We deny the petition.

We review for abuse of discretion the BIA's denial of a motion to reopen. *See id.* at 1187. The BIA did not abuse its discretion in declining to reopen Franco's deportation proceedings sua sponte because she did not demonstrate the requisite "exceptional circumstances." *See id.* at 1191. Because the poor advice Franco received from a notary public in 1994 did not cause her to miss the September 11, 1998 deadline for filing a motion to reopen pursuant to the Nicaraguan Adjustment and Central American Relief Act, Pub. L. No. 105–100, 11 Stat. 2160 (Nov. 19, 1997), *amended by* Pub. L. No. 105–139, 11 Stat. 2644 (Dec. 2, 1997) ("NACARA"), such advice does not constitute "extraordinary circumstances." Similarly, the passage of NACARA does not constitute "extraordinary circumstances" because Franco was or should have been aware of the mecha-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

1. Under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, depor-

tation proceedings initiated prior to April 1, 1997, for which a final order of deportation is issued after October 30, 1996, are subject to the transitional rules. *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). Because deportation proceedings were initiated against Franco on April 18, 1995, and a final order of deportation was issued on December 13, 2000, the transitional rules apply to her case.

nism for filing timely motions to reopen pursuant to NACARA.

We lack jurisdiction over Franco's contention that the immigration judge abused its discretion in finding that her motion to reopen pursuant to NACARA was untimely under the equitable tolling doctrine because she did not appeal that decision to the BIA. *Cf. Joo v. INS*, 813 F.2d 211, 212 (9th Cir.1987) (per curiam).

We decline to consider Franco's contention that the BIA denied her procedural due process when it failed to conduct a hearing on her motion to reopen because she raises it for the first time in her reply brief. *See Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir.1996) (per curiam).

We also deny Franco's motion to remand and/or hold her case in abeyance pending adjudication of her application for Temporary Protected Status, *see* 8 U.S.C. § 1254a, because the application has no effect on whether the BIA abused its discretion in denying Franco's motion to reopen, and can be pursued independently of this petition for review.

**PETITION FOR REVIEW DENIED.**

---

* Because this panel unanimously finds this case suitable for decision without oral argument, we deny Perkins' request for oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.