Josefa VASQUEZ–SANDOVAL, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–71699.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2003.[*]

Decided Oct. 20, 2003.

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Josefa Vasquez–Sandoval, Los Angeles, CA, pro se.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Michael P. Lindemann, Esq., Douglas E. Ginsburg, DOJ—U.S. Department of Justice, Washington, DC, Respondent.

Before: WARDLAW, BERZON, and CLIFTON, Circuit Judges.

MEMORANDUM **

Josefa Vasquez–Sandoval, a native and citizen of El Salvador, petitions pro se for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming an immigration judge's ("IJ") denial of her motion to reopen deportation proceedings. Because the transitional rules apply, *see Kalaw v. INS,* 133 F.3d 1147, 1150 (9th

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review for abuse of discretion the denial of a motion to reopen. *Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1222 (9th Cir.2002). We grant in part and deny in part the petition for review, and remand for further proceedings.

■ The IJ did not abuse her discretion by denying Vasquez–Sandoval's motion to reopen to seek relief under the Nicaraguan Adjustment and Central American Relief Act ("NACARA") because Vasquez–Sandoval did not file her application for suspension of deportation by the November 18, 1999 deadline. *See* 8 C.F.R. § 3.43(e)(2) (2001).

Vasquez–Sandoval contends that she was precluded from timely filing her NACARA application for suspension of deportation because the immigration court could not find her case in its database and therefore would not accept documents for filing. We disagree. Assuming that equitable tolling applies, we conclude that Vasquez–Sandoval has not shown that she acted with due diligence in attempting to file her application for suspension of deportation by the November 1999 deadline. *See Socop–Gonzalez v. INS*, 272 F.3d 1176, 1193 (9th Cir.2001) (en banc) (party invoking equitable tolling must show that "despite all due diligence, [she] is unable to obtain vital information bearing on the existence of the claim") (internal quotations omitted).

■ Vasquez–Sandoval further contends that the IJ abused her discretion by failing to consider Vasquez–Sandoval's claim that she was eligible for adjustment of status pursuant to Section 245(i) of the Immigration and Nationality Act, 8 U.S.C. § 1255(i), as the recipient of a visa pursuant to an approved labor certification application. We agree. Vasquez–Sandoval clearly presented this issue in her response to the IJ's order to supplement her

NACARA motion to reopen, and provided evidence that she filed with the Immigration and Naturalization Service ("INS") an I–485 Application for Adjustment of Status, which the INS denied in May 2001. *See* 8 C.F.R. § 245.2(a)(5)(ii) ("No appeal lies from the denial of an application by the director, but the applicant, if not an arriving alien, retains the right to renew his or her application in proceedings under 8 C.F.R. part 240.").

Because the IJ "did not even purport to engage in any substantive analysis of this issue," the IJ "acted arbitrarily and irrationally and thereby abused [her] discretion in denying [Vasquez–Sandoval's] motion to reopen." *See Mejia v. Ashcroft*, 298 F.3d 873, 879–80 (9th Cir.2002) (internal quotation omitted); *accord Mendez–Gutierrez v. Ashcroft*, 340 F.3d 865, 870 (9th Cir.2003) (BIA abused its discretion by failing to consider all grounds for relief raised by the alien). Accordingly, we grant in part Vasquez–Sandoval's petition for review and remand to the BIA for further proceedings to consider her eligibility for adjustment of status pursuant to her approved labor certification application.

■ Finally, we lack jurisdiction to consider Vasquez–Sandoval's contention that she is eligible for adjustment of status under the Legal Immigration Family Equity Act of 2000 because she failed to raise this issue before the IJ or in her appeal to the BIA, and therefore she did not exhaust administrative remedies. *See Cortez–Acosta v. INS*, 234 F.3d 476, 480 (9th Cir.2000) (per curiam). We do not consider Vasquez–Sandoval's challenge to the BIA's affirmance without opinion of the IJ's decision because she raised this issue for the first time in her reply brief. *See Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir.1996) (per curiam) ("Issues raised for

the first time in the reply brief are waived.")

**PETITION FOR REVIEW GRANTED IN PART AND DENIED IN PART; REMANDED FOR FURTHER PROCEEDINGS.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.