Maudilio **MORALES–DIAZ**, Petitioner,

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73741.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 21, 2005.

Suzanne B. Friedman, Esq., Attorney at Law, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: REINHARDT, RYMER and HAWKINS, Circuit Judges.

MEMORANDUM **

Maudilio Morales–Diaz, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming an immigration judge's ("IJ") denial of his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Because the BIA affirmed without opinion, we review the IJ's decision. *See Li v. Ashcroft*, 378 F.3d 959, 961 (9th Cir.2004). Because the IJ did not make an explicit adverse credibility finding, we accept Morales–Diaz's factual contentions as true. *See Kalubi v. Ashcroft*, 364 F.3d 1134, 1137 (9th Cir. 2004). We review for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition for review.

Substantial evidence supports the IJ's determination that Morales–Diaz does not have a well-founded fear of future persecution because Morales–Diaz did not provide evidence establishing that he would face a sufficiently individualized risk upon return to Guatemala. *See Vides–Vides v. INS*, 783 F.2d 1463, 1469 (9th Cir.1986) (upholding finding that fear was objectively unreasonable where petitioner was not individually threatened and the record failed "to indicate that his situation will be any different from the dangers faced by" his fellow citizens). Morales–Diaz further failed to establish that threats made to his family

---

# 899

members were closely tied to himself. *See Arriaga–Barrientos v. U.S. INS,* 937 F.2d 411, 414 (9th Cir.1991) (holding that where claim is based on violence against family members, petitioner must show a "pattern of persecution closely tied to the petitioner").

Morales–Diaz, represented by counsel, has waived any challenge to the denial of his applications for withholding of removal and for relief under the CAT by not raising issues regarding those claims in his opening brief. *See Bazuaye v. INS,* 79 F.3d 118, 120 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**

* The Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.