**CALENCE, LLC, a Delaware limited liability company, Plaintiff— Appellant,**

v.

**DIMENSION DATA HOLDINGS, PLC, a South African company; Dimension Data North America, Inc., a New York company; Thomas C. Falk; Jane Doe**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Falk, and the marital community comprised thereof; Jane Doe Abb; Jon Abb; Judd C. Dunlap, Defendants—Appellees.

No. 06–35646.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 2007.

Filed Feb. 23, 2007.

See also 2007 WL 1526349, 2007 WL 1526350, 2007 WL 1549491, and 2007 WL 1549495.

Christopher B. Wells, Esq., D. Michael Reilly, Esq., Christian N. Oldham, Esq., Michael Maurice Fleming, Esq., Michael A. Nesteroff, Esq., Lane Powell, PC, Seattle, WA, for Plaintiff–Appellant.

James Sanders, Esq., Laura Marie Solis, Esq., Perkins Coie, LLP, Clemens H. Barnes, Esq., Graham & Dunn PC, Seattle, WA, for Defendants–Appellees.

Before: FISHER and TALLMAN, Circuit Judges, and EZRA, District Judge.[*]

MEMORANDUM [**]

Plaintiff-appellant Calence, LLC brought suit in district court alleging multiple claims, including tortious interference, misappropriation of trade secrets, unfair competition and breach of contract and fiduciary duties. Calence now brings this interlocutory appeal from the district court's denial of a preliminary injunction. We affirm.[1]

[*] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

[**] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Because the facts and circumstances of this case are well known to the parties, we discuss only those facts necessary to understand our decision.

## I. District Court's Decision to Not Consider Portions of Calence's Briefing and Attached Documents

The district court did not abuse its discretion in refusing to consider the argument contained in prior briefing regarding the temporary restraining order that Calence attempted to incorporate by reference into its motion for a preliminary injunction in violation of local page limits. *See Swanson v. U.S. Forest Service*, 87 F.3d 339, 345 (9th Cir.1996); *see also* W.D. Wash. Civ. R. 7(e)(3). Nor was the district court obliged to independently examine and consider materials attached to the motion as evidence of irreparable injury if it was not directed to them as such in a properly filed legal argument. *Cf. Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir.2001).

The district court did not err by declining to consider arguments in Calence's reply brief relating to spoliation or defendants' possession of a device allegedly containing trade secrets. Those arguments, raised for the first time in Calence's reply brief, were based on information available before its opening brief was due and were waived. *See Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996). Any error the district court committed by failing to consider deposition testimony regarding irreparable injury cited in the reply brief was harmless, because the district court specifically credited defendants' evidence regarding the continued viability of the plaintiff's Seattle office.

## II. Denial of Calence's Motion for a Preliminary Injunction

We review the denial of a motion for a preliminary injunction only to "determine whether the district court abused its discretion or based its decision on an erroneous legal standard or on clearly erroneous findings of fact." *Bernhardt v. L.A. County*, 339 F.3d 920, 924 (9th Cir.2003) (quoting *Desert Citizens Against Pollution v. Bisson*, 231 F.3d 1172, 1176 (9th Cir. 2000)). A denial "is based on an erroneous legal standard if it (a) did not employ the appropriate legal standard governing the decision to issue a preliminary injunction or (b) misapprehended the law with respect to the underlying issues in the litigation." *Id.*

The minimal evidence of ongoing harm Calence cited in its properly filed legal argument does not render the district court's finding that there was no threat of irreparable harm clearly erroneous. Calence cited testimony estimating allegedly lost revenues, which can be remedied through money damages. The only other evidence cited in the portion of the briefing not properly struck was testimony relating to loss of goodwill, which Calence noted in a footnote. Because the district court specifically credited evidence defendants presented regarding the continued ability of Calence's Seattle office to serve its customers, Calence's evidence regarding upset customers is insufficient to make the district court's finding clearly erroneous.

The district court employed the correct legal standard and was not required to reach the likelihood of success on the merits where it determined that there was no evidence of irreparable harm. *See Oakland Tribune, Inc. v. Chronicle Publ'g Co., Inc.*, 762 F.2d 1374, 1376 (9th Cir. 1985). Even assuming that this case involves trade secrets, the district did not err in failing to *presume* irreparable harm because of alleged trade secret loss. *Cf. Boeing Co. v. Sierracin Corp.*, 108 Wash.2d 38, 738 P.2d 665, 681 (1987) (holding that a court was not required to make an explicit finding of irreparable harm to enter a permanent injunction *after* a jury

determined the defendant was stealing trade secrets).

■ Finally, the district court properly declined to consider a narrower injunction suggested by Calence in its reply brief, to which the defendants had no opportunity to respond.

**AFFIRMED.**