**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Flavio ORTIZ–MERIDA, a.k.a. Flavio
Merida–Ortiz, Defendant–
Appellant.**

No. 06–50248.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 14, 2007.*

Filed March 6, 2007.

U.S. Attorneys Office, USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Benjamin P. Lechman, Esq., San Diego, CA, for Defendant–Appellant.

Before: PREGERSON, W. FLETCHER, and BERZON, Circuit Judges.

### MEMORANDUM **

Flavio Ortiz–Merida appeals the district court's decision to revoke his supervised release. Ortiz–Merida was convicted in 2003 of being a deported alien found in the United States in violation of 8 U.S.C. § 1326. The government filed a revocation petition on June 13, 2005—shortly after Ortiz–Merida was charged with a new § 1326 violation—alleging that Ortiz–Merida had violated the mandatory condition that he commit no further crimes. The government subsequently filed an amended petition alleging that Ortiz–Merida also violated the special condition that he not reenter the United States following his deportation. Ortiz–Merida contends that the district court failed to provide an adequate explanation of its revocation decision, that the court's decision was not supported by the evidence, and that the court violated his due process right to confrontation by admitting hearsay evidence during the revocation hearing. He also argues that the district court should not have granted a continuance.

■ We hold that the district court "ma[d]e sufficient findings on the record to identify the violation and the evidence relied upon to establish it." *United States v. Sesma–Hernandez,* 253 F.3d 403, 406 (9th Cir.2001) (en banc). During the April 10, 2006, revocation hearing, the court adequately conveyed its conclusion that Ortiz–Merida had violated the special condition that he not reenter the United States after deportation. The court specifically addressed Ortiz–Merida's argument that there was insufficient evidence to show that he had been deported following his release from prison in 2004. Based on the evidence presented at the hearing, we hold it was reasonable for the district court to conclude that Ortiz–Merida had been deported in 2004.

Because the district court's revocation decision was supported by Ortiz–Merida's violation of the special condition that he not illegally reenter the United States if deported, it was not necessary for the district court, or us, to consider Ortiz–Merida's argument that he had not received specific notice of the mandatory condition that he commit no further crimes. While the district court did mention that Ortiz–Merida had also violated the mandatory condition, we do not read this observation as an additional basis for revocation of supervised release. Even if it was, however, the sentence was premised on a single count of violating supervised release, not two, and the two possible violations involved precisely the same underlying facts, returning to the United States after deportation. There is no reason to think that the district court would have sentenced any differently for a violation of the mandatory condition than for a violation of the special condition directly premised on the same facts. Any ambiguity lurking in the record on this point could not matter either to the revocation determination or to the sentence, and it is

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

therefore unnecessary to remand on this point.

We further hold that the district court did not violate Ortiz–Merida's due process right to confrontation by admitting hearsay evidence during the revocation hearing. In this context, our case law provides that a defendant's "interest in his constitutionally guaranteed right to confrontation" must be balanced against "the Government's good cause for denying it." *United States v. Comito*, 177 F.3d 1166, 1170 (9th Cir.1999). Although the district court did not explicitly perform the required balancing test, "[w]e still must review the underlying question to determine if [Ortiz–Merida's] confrontation rights were violated." *Id.* Because the hearsay evidence at issue was relatively reliable, and because the district court did not deprive Ortiz–Merida of the opportunity to offer opposing evidence, we conclude that the balance tips in favor of the government.

We also hold that the district court did not abuse its discretion by continuing the revocation hearing for one month. The rule on which Ortiz relies, Fed. R.Crim.P. 32.1(b)(1), is not applicable here, and the fact that the government subsequently amended its revocation petition did not affect the propriety of the district court's decision.

In his Reply Brief, Ortiz–Merida argues for the first time that the district court had no authority to sentence him to more than one year of supervised release for his underlying § 1326 conviction. As a general rule, "[i]ssues raised for the first time in the reply brief are waived." *Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996). Ortiz–Merida has not given us adequate reason to depart from this rule, particularly since he expressly waived his right to appeal or collaterally attack his sentence when he entered his plea agreement.

Accordingly, we affirm the district court's revocation decision. The government's motion to expand the record is denied as moot.

AFFIRMED.