**Sergio De La Torre GARCIA; Dora Maria Avendano De La Torre, Petitioners,**

**v.**

**Alberto R. GONZALES, Attorney General, Respondent.**

**Sergio De La Torre Garcia; Dora Maria Avendano De La Torre, Petitioners,**

**v.**

**Alberto R. Gonzales, Attorney General, Respondent.**

**Nos. 04–75547, 05–71067.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 20, 2007.

Filed May 4, 2007.

Cynthia J. Larsen, Esq., Orrick Herrington & Sutcliffe, LLP, Sacramento, CA, for Petitioners.

Sergio De La Torre Garcia, Artesia, CA, pro se.

Dora Maria Avendano De La Torre, Artesia, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michelle E. Gorden, Esq., Daniel E. Goldman, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: NOONAN, BYBEE, and M. SMITH, Circuit Judges.

## MEMORANDUM *

The facts and procedural history are known to the parties and repeated here only as necessary. The parties ask us to address several issues: the Board of Immigration Appeals' ("BIA") denial of Petitioners' motion to reopen, the BIA's denial of Petitioners' application for cancellation of removal, the Legalization Appeals Unit's ("LAU") denial of Petitioner Sergio De La Torre Garcia's Special Agricultural Worker ("SAW") application as untimely, and the INS Legalization Director's denial of Petitioner Sergio De La Torre Garcia's SAW application. We address each in turn and deny the petition with respect to each claim.

■ We have repeatedly held that "the brief of the appellant must contain 'the contentions of the appellant with respect to the issues presented, and the reasons therefor';" arguments not contained in the brief are deemed waived. *United States v. Loya*, 807 F.2d 1483, 1486–87 (9th Cir. 1987) (quoting FED. R. APP. P. 28); *see also United States v. Williamson*, 439 F.3d 1125, 1138 (9th Cir.2006); *Chebchoub v. INS*, 257 F.3d 1038, 1045 (9th Cir.2001); *Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir.1996) (per curiam); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir.1988). Because Petitioners did not contest the BIA's denial of their motion to reopen in either their opening or reply briefs or at oral argument, we deem this issue waived and affirm the decision of the BIA.

■ Petitioners did not raise the issue of the BIA's denial of their applications for cancellation of removal in either of their briefs. At oral argument, counsel elected not to challenge the BIA's denial. Consequently, for the reasons stated above, we deem this argument waived and affirm the decision of the BIA.

Congress mandated that appeals from the denial of a SAW application are heard first by an "appellate authority" (the LAU) within the executive branch 8 U.S.C. § 1160(e)(2)(A), and then, in limited circumstances, by the Courts of Appeals, § 1160(e)(3)(A). *See also Perez–Martin v.*

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Ashcroft,* 394 F.3d 752, 758 (9th Cir.2005). In the immigration context, we generally review the decision of the relevant agency's appellate authority. *See, e.g., Elnager v. INS,* 930 F.2d 784, 787 (9th Cir.1991). Here, we review the decision of the LAU as the final agency determination and affirm.

Petitioner Sergio De La Torre Garcia does not contest the LAU's denial of his SAW appeal as untimely in his opening brief, although he does briefly discuss it in his reply brief in response to the government's waiver argument. Even if we were not to find waiver, *see Williamson,* 439 F.3d at 1138; *Leer,* 844 F.2d at 634, we reverse the LAU only where it abuses its discretion. 8 U.S.C. § 1160(e)(3). *See also Perez–Martin,* 394 F.3d at 758. We hold that the LAU did not abuse its discretion in dismissing Petitioner's appeal as untimely. The record indicates that the INS mailed notice to Petitioner of the denial of his application on July 15, 1991. Petitioner signed for the notice on July 17, 1991 and the return receipt was mailed back to the INS. Petitioner, therefore, was on notice that he had 30 days in which to file an appeal, but did not file his appeal until January 13, 1992. Consequently, we hold that the LAU's dismissal of his Petition as untimely was not an abuse of discretion.

For the reasons stated above, we do not reach the merits of the INS Legalization Director's denial of Petitioner's SAW application.

**PETITION DENIED.**