UNITED STATES of America, Plaintiff—Appellee,

v.

**Jason A. WRIGHT, Defendant—Appellant.**

**No. 06–10553.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 24, 2007.

Filed Dec. 10, 2007.

---

Christina M. Cabanillas, Esq., Judson Thomas Mihok, Esq., USTU—Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Heather E. Williams, Esq., FPDAZ—Federal Public Defender's Office, Tucson, AZ, for Defendant–Appellant.

Before: GIBSON *, BERZON, and BEA, Circuit Judges.

### MEMORANDUM **

Jason Wright, who was indicted for advertisement, distribution, and possession of child pornography, interlocutorily appeals the district court's protective discovery order entered pursuant to the Adam Walsh Child Protection and Safety Act of 2006, Pub.L. No. 109–248, 120 Stat. 587 (effective July 27, 2006) ("the Act").[1]  In accor-

---

* The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1.  In relevant part, the Act states:

(A) Notwithstanding Rule 16 of the Federal Rules of Criminal Procedure, a court shall deny, in any criminal proceeding, any request by the defendant to copy, photograph, duplicate, or otherwise reproduce any property or material that constitutes child pornography (as defined by section 2256 of this

dance with the Act, the district court rejected Wright's request to obtain mirror copies of the data storage equipment seized from Wright's residence ("mirror copies"), which, according to the United States, contain child pornography. Instead, the district court entered a protective order requiring Wright's forensic expert to conduct his examination of the mirror copies in a secure room at the United States Attorney's Office.

We dismiss the appeal for lack of appellate jurisdiction. Because the facts are known to the parties, we revisit them only as necessary.

We have appellate jurisdiction over "all final decisions of the district courts." 28 U.S.C. § 1291. "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945). Wright does not contend the district court's protective order was a final decision.

Instead, Wright asserts the protective order is appealable under the collateral order doctrine. The Supreme Court has recognized a "narrow exception" to the final decision requirement under § 1291, known as the collateral order doctrine. *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 374–75, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981). Under the collateral order doctrine, this court has jurisdiction over interlocutory appeals of pretrial district court orders that: (1) "conclusively determine the disputed question"; (2) "resolve an important issue completely separate from the merits of the action"; and

(3) are "effectively unreviewable on appeal from a final judgment." *Id.* at 375, 101 S.Ct. 669 (citation omitted). "Collateral orders are ... limited to those situations where the right asserted is one that must be upheld prior to trial if it is to be enjoyed at all or when the practical effect of the order will be irreparable by any subsequent appeal." *United States v. Griffin,* 440 F.3d 1138, 1142 (9th Cir.2006) (citations omitted). "Courts interpret the collateral order doctrine strictly in criminal cases because of the compelling interest in prompt trials[.]" *Id.* at 1141 (citation omitted).

■ This interlocutory appeal does not satisfy the third prong of the collateral order doctrine because the protective order is effectively reviewable on appeal from a final judgment. Wright asserts an appeal from the district court's final judgment would come too late to preserve his constitutional rights and to remedy the violations of the attorney-client privilege and the attorney work-product doctrine. Wright's contentions are without merit.

Wright asserts the protective order violates his constitutional rights to: (1) effective assistance of counsel, (2) a speedy trial; (3) confront witnesses, and (4) prepare an adequate defense. According to Wright, the violations of these rights are effectively unreviewable after final judgment. Nevertheless, the Supreme Court has held that the violations of the right to assistance of counsel and the right to a speedy trial cannot be immediately appealed under the collateral order doctrine. *United States v. MacDonald,* 435 U.S. 850,

title), so long as the Government makes the property or material reasonably available to the defendant.

(B) For the purposes of subparagraph (A), property or material shall be deemed to be reasonably available to the defendant if the Government provides ample opportunity for inspection, viewing, and examination at a Government facility of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial.

18 U.S.C. § 3509(m)(2).

863, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978) (speedy trial); *Flanagan v. United States,* 465 U.S. 259, 266–67, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984) (assistance of counsel). Thus, we must decide whether the violations of the remaining constitutional rights—the right to prepare a defense and the right to confront witnesses—are effectively reviewable after final judgment.

As a general matter, "reversal of the conviction and ... the provision of a new trial free of prejudicial error normally are adequate means of vindicating the constitutional rights of the accused." *Griffin,* 440 F.3d at 1142 (citation omitted). In criminal cases, the Supreme Court has recognized three exceptions to this general rule and held the violations of the following constitutional rights are immediately appealable under the collateral order doctrine: (1) the right to pretrial bail; (2) the right not to be placed in double jeopardy; and (3) the right to avoid exposure to questioning as a member of Congress under the Speech or Debate Clause. *United States v. Austin,* 416 F.3d 1016, 1022 (9th Cir.2005). These three constitutional rights share one fundamental characteristic: the "legal and practical value of [each] would be destroyed if it were not vindicated before trial." *Id.* (citation omitted).[2]

For this court to have jurisdiction over this appeal, the right to prepare a defense or the right to confront witnesses must be analogous to the three constitutional rights whose violations the Supreme Court has held to be immediately appealable. *See*

*Flanagan,* 465 U.S. at 266–67, 104 S.Ct. 1051. Wright cannot make this showing. Both the right to prepare a defense and the right to confront witnesses are Sixth Amendment rights that ensure the defendant has a fair trial.[3] But neither right would be moot if review awaited final judgment, nor do they constitute a right not to stand trial *at all.* Thus, the practical value of these two rights would not be destroyed if review had to await final judgment.

Wright also contends violations of the attorney-client privilege and the attorney work-product doctrine are not effectively reviewable after final judgment. In support of his contention, Wright relies on our decisions in *Griffin,* 440 F.3d at 1140–42 (allowing an interlocutory appeal of a protective order that required the disclosure of what the defendant asserted were privileged letters), and *Bittaker v. Woodford,* 331 F.3d 715, 716–18 (9th Cir.2003) (en banc) (allowing an interlocutory appeal of a protective order that precluded the use of privileged materials outside the context of a habeas petition for ineffective assistance of counsel, which petition required the waiver of the attorney-client privilege as to all communications with the allegedly ineffective counsel).

*Bittaker* and *Griffin* are distinguishable. Unlike the protective order in *Griffin* or the ineffective assistance of counsel petition in *Bittaker,* the protective order in this case does not *require* Wright to disclose privileged information. The order merely requires Wright's expert to exam-

---

**2.** The right to pretrial bail would be moot if review had to await final judgment. *Austin,* 416 F.3d at 1022. "The right guaranteed by the Double Jeopardy Clause is more than the right not to be convicted in a second prosecution for an offense: it is the right not to be ... tried for the offense." *Flanagan,* 465 U.S. at 266, 104 S.Ct. 1051 (citation omitted). "[T]he right guaranteed by the Speech or Debate Clause is more than the right not to be convicted for certain legislative activities: it is

the right not to ... be tried for them." *Id.* (citation omitted).

**3.** "[I]t is this literal right to 'confront' the witness *at the time of trial* that forms the core of the values furthered by the Confrontation Clause." *California v. Green,* 399 U.S. 149, 157, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970) (emphasis added).

ine the mirror copies in what Wright contends are very inconvenient circumstances. Any privileged communications can be conducted outside the inspection room and in confidence.

The only privileged information Wright asserts will necessarily be disclosed because of the protective order are: (1) the identity of his expert; and (2) the chain of custody log that records the date and time on which the mirror copies are logged in and out of their safe.

■ First, Wright's privilege claims fail to meet the Ninth Circuit's requirements for establishing the attorney-client privilege under *United States v. Martin*, 278 F.3d 988 (9th Cir.2002). "A party claiming the privilege must identify specific communications and the grounds supporting the privilege as to each piece of evidence over which privilege is asserted." *Id.* at 1000. "Blanket assertions are extremely disfavored." *Id.* (citation omitted). Contrary to the dictates of *Martin*, Wright's blanket assertions in his appellate briefs do not explain why the chain of custody log and the expert's identity are privileged.

■ Second, Wright had disclosed the identity of his expert in motions he filed before the district court entered the protective order at issue. Thus, Wright has waived any privilege that may exist as to his expert's identity. *See Weil v. Inv./Indicators, Research and Mgmt., Inc.*, 647 F.2d 18, 24 (9th Cir.1981) ("[V]oluntary disclosure of . . . a privileged attorney communication constitutes waiver of the privilege as to all other such communications on the same subject.").

■ Third, Wright cites no authority to establish the chain of custody log is covered by the attorney-client privilege or the attorney work-product doctrine. Assuming, *arguendo*, the chain of custody log is privileged, the disclosure of the date and time information in the custody log will not cause serious prejudice or irreparable harm to Wright's defense warranting immediate appellate review. *Compare Bittaker*, 331 F.3d at 717–18 (finding serious prejudice where the habeas petitioner would have released all communications between him and his allegedly ineffective lawyer); *Griffin*, 440 F.3d at 1142 (finding irreparable harm where the protective order would have required the disclosure of numerous letters the defendant wrote to his attorney, who was also his wife, from prison).

In sum, Wright cannot satisfy the third prong of the collateral order doctrine, which requires the district court's order to be effectively unreviewable on appeal after final judgment. Consequently, the collateral order doctrine is inapplicable, and we lack appellate jurisdiction over this interlocutory appeal.[4]

**DISMISSED.**

---

4. As an alternative to the collateral order doctrine, Wright contends in his reply brief that this court has immediate appellate jurisdiction under *Perlman v. United States*, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950 (1918). *Perlman* allows the interlocutory appeal of a discovery order directed at a "disinterested third-party custodian of privileged documents" who lacks a sufficient stake in the

proceeding. *Griffin*, 440 F.3d at 1143. Wright has waived the applicability of the *Perlman* rule by failing to raise it in his opening brief. *See Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir.1996). Even if the issue were not waived, *Perlman* is inapplicable because the mirror copies of the seized items are in the custody of the United States, which is not a "disinterested third party" to this case.

Also as an alternative to the collateral order doctrine, Wright asked the court, in a letter submitted pursuant to Federal Rule of Appellate Procedure 28(j), to construe this interlocutory appeal as a petition for a writ of mandamus. Because Wright failed to raise this issue in his briefs, we decline to consider it.