**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Marshall Edwin HOME, Defendant–
Appellant.**

No. 07–15264.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 3, 2007.

Filed Jan. 29, 2008.

Petition for rehearing and petition for rehearing en banc denied.

Robert L. Miskell, AUSA, Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Heather E. Williams, Esq., Federal Public Defender's Office, Tucson, AZ, for Defendant–Appellant.

Before: D.W. NELSON, REINHARDT, and BEA, Circuit Judges.

ORDER

The unpublished memorandum disposition filed on December 20, 2007, is hereby amended. The amended memorandum disposition is being filed concurrently with this order.

With these amendments, the panel has unanimously voted to deny the petition for panel rehearing. Judges Reinhardt and Bea voted to deny the petition for rehearing en banc, and Judge D.W. Nelson so recommends.

The full court has been advised of the petition for rehearing en banc, and no judge has requested a vote on the petition. Fed. R. App. P. 35.

The petition for rehearing and the petition for rehearing en banc are DENIED.

No further petition for rehearing by the panel or en banc will be entertained.

IT IS SO ORDERED.

## AMENDED MEMORANDUM *

Marshall Edwin Home appeals the district court's denial of his petition for a writ of error coram nobis. Home was convicted under 18 U.S.C. § 111(a)(1) for intentionally and forcibly assaulting, resisting, opposing, impeding, and interfering with a Deputy United States Marshal during the performance of the Deputy Marshal's duties. Following his conviction, the district court advised Home of his right to file a direct appeal from his conviction and sentence. Home responded: "I am not going to do that.... The Ninth Circuit Court of Appeals is just as evil as [the district court] is." True to his word, Home did not file a direct appeal from his conviction. Instead, after serving his sentence, Home filed a petition for a writ of error coram nobis to challenge his conviction. The district court denied the petition, holding Home did not show a valid reason for failing to attack his conviction earlier and no miscarriage of justice would result from the court's denial of his petition. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

"Both the Supreme Court and we have long made clear that the writ of error coram nobis is a highly unusual remedy, available only to correct grave injustices in a narrow range of cases where no more conventional remedy is applicable." *United States v. Riedl*, 496 F.3d 1003, 1005 (9th Cir.2007). "[A] petitioner must show the following to qualify for *coram nobis* relief: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *Id.* at 1006 (citation omitted).

Home cannot satisfy the second prong of this test because he has failed to show a valid reason for failing to pursue a direct appeal from his conviction. Home contends there are three reasons for his failure to file a direct appeal: (1) the waiver of his right to counsel was not knowing and intelligent; (2) he was incompetent to represent himself; and (3) evidence of his innocence has been newly discovered.

First, we decline to reach the question whether Home's waiver of his right to counsel was knowing and intelligent, and if not, whether the inadequacy of the waiver is a valid reason for his failure to pursue a direct appeal. Home raised this issue for the first time in his reply brief and failed to include in his excerpts of record portions of the district court transcript demonstrating the inadequacy of the waiver. *See Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir.1996) ("Issues raised for the first time in the reply brief are waived."); 9th Cir. R. 30–1.4(a)(xi) ("In all appeals the excerpts of record shall include ... portions of any documents in the record that are cited in appellant's briefs and necessary to the resolution of an issue on appeal."). Thus, Home has waived the inadequacy of his

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

waiver of the right to counsel as a valid reason for failing to pursue a direct appeal.

Second, Home asserts he failed to file a direct appeal because he was incompetent to represent himself and did not recognize the value of appealing his conviction. This contention is without merit. The district court allowed Home to represent himself only after a psychiatric evaluation found Home competent in all respects. The competence required of a defendant seeking to represent himself is the "competence to *waive the right* [to counsel], not the competence to represent himself." *Godinez v. Moran*, 509 U.S. 389, 399, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993) (emphasis in original). Because Home was fully competent to choose self-representation, his failure to recognize the value of a direct appeal is not a valid ground for failing to seek a direct appeal. *See Faretta v. California*, 422 U.S. 806, 834 n. 46, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) ("[A] defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.' ").

Third, Home did not identify any evidence that was unavailable at the time of trial that would establish his innocence.

Because Home has not shown a valid reason for failing to pursue a direct appeal from his conviction, he is not entitled to coram nobis relief.

**AFFIRMED.**

