MEMORANDUM **
Universal Trading & Investment Co. (“UTI”) appeals the district court’s order granting summary judgment in favor of defendants. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court’s determination regarding standing, as well as the district court’s interpretation of foreign law. Gordon v. Virtumundo, Inc., 575 F.3d 1040, 1047 (9th Cir.2009); Brady v. Brown, 51 F.3d 810, 816 (9th Cir.1995). We affirm.
UTI’s only possible basis of standing was as the assignee of claims belonging to Ukraine, and UTI bore the burden of proving the assignment’s validity. Britton v. Co-op Banking Group, 4 F.3d 742, 746 (9th Cir.1993). The district court did not err in concluding the assignment was invalid under Ukrainian law. The purported assignment of claims by Ukraine was a sham created only to overcome defendants’ initial challenge to UTI’s standing. Even were it not, UTI failed to prove the assignment was valid under Ukrainian law. UTI failed to prove a deputy prosecutor general had the authority to assign the rights of the Ukrainian government against Kiritchenko and Lazarenko to UTI. UTI has also failed to demonstrate that the assignment constitutes the act of a foreign sovereign power; the act of state doctrine is therefore inapplicable. See Liu v. Republic of China, 892 F.2d 1419, 1432 (9th Cir.1989) (“The burden of proving acts of *233 state rests on the party asserting the applicability of the doctrine”).
We have considered the other issues raised by UTI in its opening brief and reject them as meritless. Issues raised for the first time in UTI’s reply brief are waived.[1] Bazuaye v. INS, 79 F.3d 118, 120 (9th Cir.1996).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Appellees’ motion to strike portions of UTI's reply brief is denied as moot. UTI's motion for this court to take judicial notice of three certified Ukrainian court decisions is granted.