**Oscar ROMERO–AGUILAR, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**Nos. 05–72978, 05–73201.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2010.\*

Filed Sept. 29, 2010.

Jan Joseph Bejar, Esquire, Law Offices of Jan Joseph Bejar, A Professional Law Corporation San Diego, CA, for Petitioner.

Daniel Eric Goldman, Esquire, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM \*\*

In these consolidated petitions for review, Oscar Romero–Aguilar petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's removal order. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and constitutional claims. *Khan v.*

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Holder,* 584 F.3d 773, 776 (9th Cir.2009). We deny the petition for review in No. 05–72978, and we dismiss the petition for review in No. 05–73201.

Romero–Aguilar does not challenge the agency's determination that he is removable under 8 U.S.C. § 1227(a)(2)(A)(iii) based on his 1989 conviction for lewd or lascivious acts with a child under 14 years of age in violation of California Penal Code § 288(a).

The agency determined that Romero–Aguilar is ineligible for relief under former section 212(c), 8 U.S.C. § 1182(c) (repealed 1996), because his ground of removability lacks a statutory counterpart in a ground of inadmissibility. *See* 8 C.F.R. § 1212.3(f)(5). Romero–Aguilar's legal and constitutional challenges to this determination are unavailing. *See Abebe v. Mukasey,* 554 F.3d 1203, 1208 n. 7 (9th Cir. 2009) (en banc).

We do not reach the equal protection contentions Romero–Aguilar sets forth for the first time in his reply brief. *See Bazuaye v. INS,* 79 F.3d 118, 120 (9th Cir. 1996) (per curiam) (issue raised for the first time in the reply brief is waived).

Romero–Aguilar's motion for the court to set a supplemental briefing schedule is denied.

We lack jurisdiction to review Romero–Aguilar's transferred habeas petition because it was not pending in the district court on the date of enactment of the REAL ID Act. *See Singh v. Mukasey,* 533 F.3d 1103, 1105 (9th Cir.2008).

**In No. 05–72978: PETITION FOR RE-VIEW DENIED.**

---

**In No. 05–73201: PETITION FOR RE-VIEW DISMISSED.**