**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATANAEL SAMAYOA, a.k.a Natanael Samay Morales, a.k.a. Natanel Morales Samayoa, a.k.a. Nathanael Morales Samayoa, a.k.a. Nathaniel Morales Samayoa, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-72421 <br><br> Agency No. A088-714-392 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2010[**]

Before:    O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

Natanael Samayoa, a native and citizen of Guatemala, petitions pro se for

review of the Board of Immigration Appeals' order dismissing his appeal from an

---

   [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

immigration judge's denial of his applications for cancellation of removal, asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo constitutional claims and questions of law, and review for substantial evidence the agency's factual findings. *Khan v. Holder*, 584 F.3d 773, 776 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the agency's determination that Samayoa had, during the period of ten years immediately preceding the date of his application for cancellation of removal, "been confined, as a result of conviction, to a penal institution for an aggregate period of one hundred and eighty days or more." 8 U.S.C. § 1101(f)(7). Accordingly, Samayoa is statutorily barred from showing the good moral character required for cancellation of removal, *see* 8 U.S.C. § 1229b(b)(1)(B), and his claim the agency violated due process by refusing to consider his evidence of rehabilitation fails, *see Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996).

To the extent that Samayoa challenges the agency's denial of asylum, withholding of removal, and relief under the CAT, he has offered no basis to conclude the agency erred. Samayoa's remaining contentions are unpersuasive.

**PETITION FOR REVIEW DENIED.**