FILED

**NOT FOR PUBLICATION**

NOV 23 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YULUNTA SULINDRO; et al., | No. 08-71075 |
| Petitioners, | Agency Nos. A096-356-396 |
| | A096-356-397 |
| v. | A096-356-481 |
| | A096-356-482 |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2010**

Before:     TASHIMA, BERZON, and CLIFTON, Circuit Judges.

Yulunta Sulindro and his family, natives and citizens of Indonesia, petition

for review of the Board of Immigration Appeals' order dismissing their appeal

from an immigration judge's decision denying their claims for withholding of

removal and protection under the Convention Against Torture ("CAT").  We have

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

We decline to consider petitioners' argument regarding the pattern and practice of persecution of Christians in Indonesia. *See Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996) (per curiam) ("Issues raised for the first time in the reply brief are waived."). We also decline to consider the new evidence petitioners reference in their opening brief because our review is limited to the administrative record underlying the immigration judge's decision. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

Substantial evidence supports the agency's determination that the incidents of mistreatment at issue, including Sulindro's beating by students from a rival school after a basketball game, the motorcycle pursuit of his wife by suspected Jihad members, and the violence his wife witnessed during riots in Jakarta in 1998, do not establish past persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1059-60 (9th Cir. 2009) (discriminatory mistreatment including beatings and robberies by native Indonesian youths and being accosted by hostile mob did not compel finding of past persecution). Further, even as members of a disfavored group, petitioners have not demonstrated the requisite individualized risk of persecution.

*See Hoxha v. Ashcroft*, 319 F.3d 1179, 1184-85 (9th Cir. 2003); *see also Wakkary*, 558 F.3d at 1066 ("An applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence to prevail...."). Accordingly, we deny the petition as to petitioners' withholding of removal claim.

Finally, substantial evidence also supports the agency's denial of CAT relief because petitioners failed to establish it is more likely than not they would be tortured if removed to Indonesia. *See Wakkary*, 558 F.3d at 1067-68.

**PETITION FOR REVIEW DENIED.**