**NOT FOR PUBLICATION**

JUN 16 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAVIER ANGELO TUEROS-DE LAMA, | No. 12-71990 |
| Petitioner, | Agency No. A096-566-125 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2014[**]

Before:    McKEOWN, WARDLAW, and M. SMITH, Circuit Judges.

Javier Angelo Tueros-De Lama, a native and citizen of Peru, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal and protection under the Convention Against Torture ("CAT"). We have

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence factual findings.  *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).  We deny the petition for review.

Tueros-De Lama does not challenge the agency's dispositive findings that he is statutorily ineligible for asylum due to his aggravated felony conviction and statutorily ineligible for withholding of removal based on the agency's determination that his conviction constitutes a particularly serious crime.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived); *Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996) (per curiam) (declining to reach issue raised for the first time in the reply brief).  Thus, Tueros-De Lama's asylum and withholding of removal claims fail.

With respect to CAT relief, substantial evidence supports the agency's determination that Tueros-De Lama failed to establish it is more likely than not he will be tortured if removed to Peru.  *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**