**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EGAE, LLC et al., | No. 20-71187 |
| Petitioners, | Agency No. 18-AF-0227-CM-002 |
| v. | |
| U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an
Order of the Secretary of Housing and Urban Development

Submitted April 16, 2021**
Seattle, Washington

Before: GRABER and CALLAHAN, Circuit Judges, and SELNA, Senior District
Judge***

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. 34(a)(2).

*** The Honorable James V. Selna, United States Senior District Judge for the Central District of California, sitting by designation.

1

Petitioners EGAE, LLC and Marlow Family Exempt Perpetual Trust petition for review of the order of the Secretary of Housing and Urban Development ("HUD") affirming the Administrative Law Judge's ("ALJ") order imposing civil money penalties on Petitioners for violating 12 U.S.C. § 1735f-15. We have jurisdiction under 12 U.S.C. § 1735f-15(e). We review under 5 U.S.C. § 706, and we deny the petition.

Petitioners' argument that the ALJ should have considered whether HUD's denial of Petitioners' request to use a master lease precluded the award of civil money penalties pursuant to § 1735f-15(a) is forfeited because it is raised for the first time on appeal. *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006). Similarly, Petitioners forfeited the argument that HUD's actions violated the Regulatory Agreement's covenants of good faith and fair dealing because it was not raised until the reply brief. *Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996) (per curiam).

The ALJ properly consulted relevant factors, listed in 24 C.F.R. § 30.80, to determine that Petitioners' failure to submit annual financial reports was "material" under 24 C.F.R. § 30.10, and the ALJ appropriately disregarded irrelevant factors. *Yetiv v. U.S. Dep't of Hous. & Urban Dev.*, 503 F.3d 1087, 1091 (2007). The ALJ permissibly found materiality due to one factor, gravity of the offense. *See*

2

*id.*, & n.3 (affirming following consideration of one factor). Although both the statute and the regulation expressly allow the agency to consider the factors also for other purposes, 12 U.S.C. § 1735f-15(d)(3), 24 C.F.R. § 30.80(k), those passages do not prohibit the agency from considering the factors for the purpose of determining materiality. *Cf. Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) ("[A]n agency rule would be arbitrary and capricious if the agency has relied on factors which Congress has not intended it to consider."). The ALJ "considered the relevant factors and articulated a rational connection between the factors found and the choices made." *Protect Our Cmtys. Found. v. LaCounte*, 939 F.3d 1029, 1034 (9th Cir. 2019) (quoting *City of Sausalito v. O'Neill*, 386 F.3d 1186, 1206 (9th Cir. 2004)).

Substantial evidence supports the ALJ's decision to grant HUD the maximum amount in civil money penalties. Several factors supported the ALJ's decision, such as the inability of HUD to monitor the project, the injury to the public, and the financial benefit that Petitioners received. We are unpersuaded by Petitioners' argument that the record "*compel[s]* a reasonable finder of fact to reach a contrary result." *Gebhart v. SEC*, 595 F.3d 1034, 1043 (9th Cir. 2010) (internal quotation marks omitted).

Substantial evidence supports the ALJ's finding that Petitioners had the

3

ability to pay the maximum amount of civil money penalties. Ample evidence suggested that Petitioners had millions of dollars in equity, and Petitioners presented no documentary evidence of their inability to pay.

Nor is there a basis for Petitioners' argument that their rights under the Equal Protection Clause and the Takings Clause were violated. Since this is an appeal of the ALJ's decision to grant HUD civil money penalties against Petitioners, any issues stemming solely from HUD's denial of Petitioners' request to use a master lease are not properly before us. As Petitioners' constitutional arguments solely relate to the denial of the master lease, they cannot form the basis for reversal of the ALJ's ruling.

**PETITION DENIED.**