**Jose Joaquin GUTIERREZ, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

No. 04–73110.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2008.

Filed Feb. 28, 2008.

Antonio M. Zaldana, Esq., Law Office of Antonio M. Zaldana, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Stacy S. Paddack, Anthony W. Norwood, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: TROTT, CLIFTON, and CALLAHAN, Circuit Judges.

MEMORANDUM \*\*

Jose Joaquin Gutierrez petitions for review of the Board of Immigration Appeals' order dismissing his appeal from the Immigration Judge's order denying his application for cancellation of removal or voluntary departure. We deny the petition.

We reject Gutierrez's first claim that the IJ abused its discretion by refusing to grant a continuance to allow his newly retained counsel time to prepare for the proceedings. The IJ may grant a continuance for "good cause shown." *Baires v. INS,* 856 F.2d 89, 91 (9th Cir.1988) (citation omitted). Gutierrez failed to make that showing. He had ample time to prepare for the hearing date because he had already been granted two continuances over a five month period. Furthermore, there was uncontested evidence that the new request for further delay was a result of petitioner not hiring his new attorney until the morning of his hearing. *See id.* at 92–93 (noting that the number and length of previous delays, as well as the petitioner's own unreasonable conduct support an IJ's refusal to grant a continuance).

Moreover, Gutierrez must also establish that he was prejudiced by the IJ's ruling. *See id.* at 93. He has failed to do so. He has presented no evidence, either to the BIA or here on appeal, in support of his claim that he remains eligible for cancellation of removal or voluntary departure despite admitting to the IJ that he has four criminal convictions. He has not submitted his criminal record to rebut his admission that he had two controlled substance convictions in the five years prior to the hearing making him statutorily ineligible for relief. *See* 8 U.S.C. § 1101(f)(3); *Rojas–Garcia v. Ashcroft,* 339 F.3d 814, 827 (9th Cir.2003) ("Not only has [petitioner] utterly failed to meet his burden of proof affirmatively to establish good moral character, but also he has in no way challenged

---

\* Michael B. Mukasey is substituted as the current Attorney General of the United States pursuant to Fed. R.App. P. 43(c)(2)

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the evidence presented by the government as to his involvement in a negotiation of a drug sale of five kilos of cocaine, which, if true, refutes a claim for good moral character."). Neither has he alleged that he can present a prima facie case for cancellation of removal. In short, Gutierrez "has not proferred any new evidence which he believes counsel would have discovered and properly presented at the hearing," and no additional amount of preparation would have changed the outcome of the proceedings. *Vides–Vides v. INS,* 783 F.2d 1463, 1470 (9th Cir.1986).

Because he is unable to establish prejudice, Gutierrez's second claim that the IJ's refusal to grant a continuance violated his Fifth Amendment due process right to a full and fair hearing must also fail.[1] *Lopez–Umanzor v. Gonzales,* 405 F.3d 1049, 1058 (9th Cir.2005) ("For us to grant the petition for review on due process grounds, Petitioner must show prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation.") (internal quotation marks and citation omitted).

**PETITION DENIED.**

---

[1] Since Gutierrez has failed to establish prejudice we need not decide whether the petitioner has a liberty interest in discretionary relief, or whether the IJ's conduct was a denial of petitioner's due process rights. *See Bazuaye v. INS,* 79 F.3d 118, 120 (9th Cir.1996).