Lolita PRASETYO; et al., Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 06–70962.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 24, 2008.*

Filed Dec. 3, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. Petr. 34(a)(2).

Linda LY, Arcadia, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Larry P. Cote, Esq., Mona Maria Yousif, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, LEAVY, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Lolita Prasetyo, Henky Winata, and their son, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substan-

tial evidence factual findings, *Mashiri v. Ashcroft,* 383 F.3d 1112, 1118 (9th Cir. 2004), and de novo claims of due process violations, *Barron v. Ashcroft,* 358 F.3d 674, 677 (9th Cir.2004). We deny in part, dismiss in part, and grant in part the petition for review, and we remand.

The record does not compel the conclusion that Prasetyo has established either changed or extraordinary circumstances excusing her untimely asylum application. *See* 8 U.S.C. § 1158(a)(2)(D); *see also Ramadan v. Gonzales,* 479 F.3d 646, 648, 657–58 (9th Cir.2007) (per curiam). Further, we do not consider Winata's contention that changed and extraordinary circumstances excused his untimely asylum application because he failed to raise this issue to the BIA. *See Barron,* 358 F.3d at 677–78. Accordingly, petitioners' asylum claims fail.

Substantial evidence supports the BIA's denial of Prasetyo's withholding of removal claim because she failed to establish that she was persecuted on account of a protected ground. *See Gormley v. Ashcroft,* 364 F.3d 1172, 1177 (9th Cir.2004). Substantial evidence also supports the BIA's finding that Prasetyo failed to establish a clear probability of persecution. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1184–85 (9th Cir.2003). Lastly, we do not consider whether there is a pattern or practice of persecution of Chinese Christians in Indonesia because Prasetyo did not raise it in the opening brief. *See Bazuaye v. INS,* 79 F.3d 118, 120 (9th Cir.1996) (per curiam). Therefore, Prasetyo's withholding of removal claim fails.

With respect to Winata's withholding of removal claim, substantial evidence does not support the BIA's finding that the

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

harm Winata experienced during the 1998 riots was not on account of a protected ground. *See Mashiri,* 383 F.3d at 1121. To the contrary, the undisputed statements attributed to the rioters establish that Winata was harmed on account of his Chinese ethnicity. Accordingly, we grant the petition as to Winata's withholding of removal claim, and remand for the BIA to reconsider country conditions in Indonesia in light of the presumption of a clear probability of future persecution. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

Substantial evidence supports the BIA's denial of petitioners' CAT claims because they failed to show it is more likely than not that they will be tortured if they return to Indonesia. *See Singh v. Gonzales,* 439 F.3d 1100, 1113 (9th Cir.2006).

In light of our disposition regarding Winata's withholding of removal claim, we do not address petitioners' due process contentions relating to the BIA's denial of this claim. Petitioners' remaining due process contentions fail for lack of prejudice, *see Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000), or because they are not supported by the record, *see Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a due process violation).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part; GRANTED in part; REMANDED.**