**Bedros ASSOGHLIAN, Petitioner,**

**v.**

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 05–70343.**

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.[*]

Filed March 30, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

### MEMORANDUM **

Bedros Assoghlian, a native and citizen of Lebanon, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Kotasz v. INS*, 31 F.3d 847, 851 (9th Cir.1994), and de novo claims of due process violations, *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir.2004), and we deny the petition for review.

■ In his opening brief, Assoghlian did not challenge the IJ's finding that he did not suffer past persecution. *See Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir.1996) (per curiam) (declining to reach issue raised for the first time in the reply brief). Taking Assoghlian's testimony as true, *see Mansour v. Ashcroft*, 390 F.3d 667, 672–73 (9th Cir.2004), substantial evidence supports the IJ's denial of asylum because Assoghlian has failed to present compelling, objective evidence demonstrating a well-founded fear of future persecution on account of his religion, his priesthood, or the time he spent in Israel. *See Gu v. Gonzales*, 454 F.3d 1014, 1022–23 (9th Cir.2006). Lastly, Assoghlian did not establish that Chris-

Reza G. Athari, Esq., Immigration Law Offices of Reza G. Athari, Las Vegas, NV, for Petitioner.

NVL–District Counsel, Office of the District Counsel Department of Homeland Security, Las Vegas, NV, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, S. Nicole Nardone, U.S. Department of Justice Civil

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tians are subject to the systematic, government sanctioned mistreatment that is required to show a "pattern or practice" of persecution. *See Kotasz,* 31 F.3d at 852–53. Accordingly, Assoghlian's asylum claim fails.

■ Because Assoghlian failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Mansour,* 390 F.3d at 673.

■ Assoghlian's CAT claim fails because he has not established it is more likely than not that he will be tortured if he returns to Lebanon. *See Singh v. Gonzales,* 439 F.3d 1100, 1113 (9th Cir.2006).

■ We reject Assoghlian's due process contention because he has not established an error by the IJ. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a due process violation). Accordingly, we also reject Assoghlian's related claim that the BIA erred in adopting and affirming the erroneous factual and legal determinations made by the IJ.

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.