MEMORANDUM **
Maudo L. Fofona, a native and citizen of Gambia, petitions pro se for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s (“IJ”) decision denying his application asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). Our jurisdiction is governed under 8 U.S.C. § 1252. We review the agency’s credibility determination for substantial evidence. See Wang v. Ashcroft, 341 F.3d 1015, 1021 (9th Cir.2003). We deny in part and dismiss in part the petition for review.
Fofona submitted a fraudulent Sierra Leonian identity card and fraudulent birth certificate that were central to his claim, and the evidence establishes that he knew the documents were fraudulent. Substantial evidence supports the agency’s adverse credibility finding based upon his submission of these fraudulent documents. See Desta v. Ashcroft, 365 F.3d 741, 745 (9th Cir.2004) (fraudulent documents going to heart of claim may justify adverse credibility finding). Therefore, his asylum and withholding claims fail.
The IJ’s finding that Fofona filed a frivolous asylum application is also supported. See Ahir v. Mukasey, 527 F.3d 912, 917 (9th Cir.2008) (remand to the BIA not necessary if the agency applied same test as in In re Y-L- 24 I. & N. Dec. 151,155-160 (BIA 2007) despite deciding the case before In re Y-L-). Therefore, his asylum and withholding claims fail.
We do not consider Fofona’s contentions raised for the first time in his reply brief, including his challenge to the agency’s denial of CAT. See Bazuaye v. INS, 79 F.3d 118, 120 (9th Cir.1996) (per curiam) (declining to reach issue raised for the first time in the reply brief).
Fofona failed to raise his due process claims before the agency, therefore the court lacks jurisdiction to review them. See Barron v. Ashcroft, 358 F.3d 674, 677 (9th Cir.2004).
Both Fofona’s motion and the government’s motion to withdraw the stay of removal are granted.
PETITION FOR REVIEW DENIED in part and DISMISSED in part.

 This disposition is not appropriate for publication and is not precedent except as provid *44 ed by 9th Cir. R. 36-3.