Ceppy **INDRAPUTRA**, Petitioner,

v.

Eric H. **HOLDER**, Jr., Attorney General, Respondent.

No. 05–75481.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed June 30, 2009.

Kathleen Siok–Sien Koh, Esquire, Law Office of Kathleen S. Koh, Whittier, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Virginia Lum, OIL, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Ceppy Indraputra, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order dis-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

missing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the agency's decision unless the evidence compels a contrary conclusion. *Molina–Estrada v. INS,* 293 F.3d 1089, 1093 (9th Cir.2002). We deny the petition.

The record does not compel the conclusion that changed circumstances excused the untimely filing of Indraputra's asylum application. *See* 8 C.F.R. § 1208.4(a)(4); *Ramàdan v. Gonzales,* 479 F.3d 646, 656–58 (9th Cir.2007) (per curiam). Accordingly, we deny the petition with respect to the asylum claim.

Substantial evidence supports the agency's denial of Indraputra's withholding of removal claim because he conceded that he was not harmed in the past and he failed to establish that he faces a clear probability of future persecution in Indonesia. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1184–85 (9th Cir.2003). Petitioner's arguments that he is a member of a disfavored group or a member of group against which there is a pattern and practice of persecution are waived because he failed to raise them in his opening brief. *See Bazuaye v. INS,* 79 F.3d 118, 120 (9th Cir.1996) (per curiam) (declining to reach issue raised for the first time in the reply brief).

Indraputra did not raise any substantive challenge to the agency's denial of CAT relief in his opening brief. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996) (issue referred to in statement of the case but not discussed in body of opening brief was waived).

**PETITION FOR REVIEW DENIED.**