**Mony NETH, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 05–76192.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 20, 2009.*

Filed Sept. 2, 2009.

Saad Ahmad, Fremont, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Song Park, Esq., M. Jocelyn Wright, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Mony Neth, a native and citizen of Cambodia, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen and reissue its prior order denying his motion to reconsider. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and de novo questions of law. *See Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Neth's motion as untimely because it was filed over 90 days after the BIA issued its final administrative order, *see* 8 C.F.R. § 1003.2(c)(2), and Neth failed to demonstrate that he qualified for any of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the regulatory exceptions to the time limit on filing motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(i)–(iv).

■ We do not consider the equitable tolling contentions Neth set forth for the first time in his reply brief because he did not raise them in his opening brief. *See Bazuaye v. INS,* 79 F.3d 118, 120 (9th Cir.1996) (per curiam).

■ We lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen removal proceedings under 8 C.F.R. § 1003.2(a). *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002).

Neth's contention that the REAL ID Act's ("RIDA") repeal of habeas jurisdiction over final removal orders violates the Suspension Clause is foreclosed by our precedent. *See Singh v. Mukasey,* 533 F.3d 1103, 1109 (9th Cir.2008) (holding that aliens such as petitioner, who were previously without a right to judicial review of a removal order except by habeas corpus, had 30 days from the date of the RIDA's enactment to file a petition for review).

To the extent Neth seeks review of the BIA's April 22, 2005, order denying his motion to reconsider, we lack jurisdiction because this petition for review is not timely as to that order. *See* 8 U.S.C. § 1252(b)(i); *Singh,* 533 F.3d at 1110.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**