MEMORANDUM **
Carlos Antonio Gutierrez, a native and citizen of El Salvador, petitions for review *266 of the Board of Immigration Appeals’ order dismissing his appeal from an immigration judge’s (“IJ”) decision denying his application for asylum, withholding of removal, protection under the Convention Against Torture (“CAT”), and for a waiver of inadmissibility under INA § 212(h). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence findings of fact, Hoxha v. Ashcroft, 319 F.3d 1179, 1182 n. 4 (9th Cir.2003), and de novo questions of law, De Martinez v. Ashcroft, 374 F.3d 759, 761 (9th Cir.2004). We deny the petition for review.
The agency found that Gutierrez was not eligible for asylum based on his conviction of an aggravated felony. Gutierrez does not challenge this dispositive determination in his opening brief.
Substantial evidence supports the agency’s denial of withholding of removal because Gutierrez failed to demonstrate it is more likely than not he would be persecuted if returned to El Salvador. See Hoxha, 319 F.3d at 1185.
Substantial evidence supports the agency’s denial of CAT protection because Gutierrez failed to show it is more likely than not he would be tortured if returned to El Salvador. See Arteaga v. Mukasey, 511 F.3d 940, 948-49 (9th Cir.2007).
Gutierrez’s contentions that: (1) the Attorney General exceeded his authority in promulgating the standard that governed the agency’s review of his application for a waiver under 8 U.S.C. § 1182(h); (2) the agency erred by applying the “exceptional and extremely unusual hardship” standard under 8 C.F.R. § 1212.7(d); (3) 8 C.F.R. § 1212.7(d) cannot be applied retroactively; and (4) his conviction under California Penal Code § 288(a) is not a crime of violence are foreclosed by Mejia v. Gonzales, 499 F.3d 991, 995-99 (9th Cir.2007).
The record does not support Gutierrez’s contention that he was deprived of a fair hearing. See Lata v. INS, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error and substantial prejudice to establish a due process violation).
Finally, Gutierrez waived his contention that the IJ violated his due process rights by denying his request for a continuance because he failed to raise it in his opening brief. See Bazuaye v. INS, 79 F.3d 118, 120 (9th Cir.1996) (per curiam) (declining to reach issue raised for the first time in the reply brief).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.