**Rogelio DE ANDA CRUZ, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

Nos. 06–71801, 06–72969.

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Sept. 14, 2009.*

Filed Oct. 1, 2009.

Jeremy M. Clason, Freson, CA, for Petitioner.

Eric Warren Marsteller, Esq., Trial, OIL, U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

## MEMORANDUM **

In these consolidated cases, Rogelio De Anda Cruz, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") orders denying his motions to reopen (No. 06–71801) and reconsider (No. 06–72969). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of motions to reopen and reconsider, *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002), and de novo due process claims, *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir.2006). We dismiss in part and deny in part the petition for review in No. 06–71801, and deny the petition for review in No. 06–72969.

In No. 06–71801, the evidence De Anda Cruz presented with his motion to reopen concerned the same basic hardship grounds as his application for cancellation of removal. *See Fernandez*, 439 F.3d at 602–03. We therefore lack jurisdiction to

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

review the BIA's discretionary determination that the evidence was insufficient to establish a prima facie case of hardship. *See id.* at 601 (holding that if "the BIA determines that a motion to reopen proceedings in which there has already been an unreviewable discretionary determination concerning a statutory prerequisite to relief does not make out a prima facie case for that relief," 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from revisiting the merits).

De Anda Cruz contends the BIA violated due process because it engaged in impermissible fact-finding, exceeding its authority. Contrary to De Anda Cruz's contention, the BIA correctly considered the facts in order to determine whether he established a prima facie case, and therefore the due process claim fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring both error and prejudice for a due process claim).

■ De Anda Cruz waived his contention that the BIA erred in denying reopening by failing to consider the new facts set forth in the motion in conjunction with the evidence because he did not argue it in his opening brief. *See Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir.1996) (per curiam) (declining to reach issue raised for the first time in the reply brief).

We therefore dismiss in part and deny in part the petition for review in No. 06–71801.

In No. 06–72969, the BIA was within its discretion in denying De Anda Cruz's motion to reconsider because the motion failed to identify any error of fact or law in the BIA's prior decision denying the motion to reopen. *See* 8 C.F.R. § 1003.2(b)(1); *Socop–Gonzalez v. INS*,

272 F.3d 1176, 1180 n. 2 (9th Cir.2001) (en banc).

We therefore deny the petition for review in No. 06–72969.

**No. 06–71801: PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

**No. 06–72969: PETITION FOR REVIEW DENIED.**