FILED

**NOT FOR PUBLICATION**

FEB 25 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROMAN IVANOVICH POSTOENKO, | No. 06-73030 |
| Petitioner, | Agency No. A098-532-923 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010[**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Roman Ivanovich Postoenko, a native and citizen of Russia, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument, and we therefore deny Postoenko's request for oral
argument.  *See* Fed. R. App. P. 34(a)(2).

PR/Research

withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence findings of fact, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and de novo questions of law, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the IJ's denial of asylum, because Postoenko failed to demonstrate that the harms he suffered on account of his religion when he was at school amounted to persecution, *see Gu v. Gonzales*, 454 F.3d 1014, 1019-21 (9th Cir. 2006) (no past persecution where petitioner was detained for three days, beaten and interrogated), that the 2004 skinhead incident was on account of a protected ground, *see Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004), or that he was or will be persecuted on account of his religion for avoiding conscription, *see Zehatye*, 453 F.3d at 1187. Substantial evidence further supports the IJ's denial of asylum because Postoenko's voluntary return to Russia undermines his well-founded fear of future persecution. *See Kumar v. Gonzales*, 439 F.3d 520, 524 (9th Cir. 2006).

Because Postoenko did not establish eligibility for asylum, it necessarily

follows that he did not satisfy the more stringent standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Substantial evidence supports the IJ's denial of CAT relief because Postoenko failed to show it was more likely than not he would be tortured if he returns to Russia. *See Arteaga v. Mukasey*, 511 F.3d 940, 948-49 (9th Cir. 2007).

We lack jurisdiction to consider Postoenko's claims that the IJ erred in misstating the record regarding when he left for the United States and the circumstances surrounding his conscription because he failed to raise them before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Accordingly, we reject Postoenko's contention that the BIA erred by failing to address these claims.

Finally, we decline to reach those issues raised for the first time by Postoenko in his reply brief, including his contentions that the IJ abused his discretion by failing to: (1) consider the 2002 skinhead attack and police harassment; (2) question Postoenko about the severity of the 2004 skinhead attack; and (3) question whether Postoenko's mother knew of the 2004 skinhead attack. *See Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996) (per curiam) ("Issues raised for the first time in the reply brief are waived.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**