**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 9 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FERRY SANTOSO, | No. 08-73090 |
| Petitioner, | Agency No. A094-990-719 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 2, 2011[**]

Before:      LEAVY, IKUTA, and N.R. SMITH, Circuit Judges.

Ferry Santoso, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decisions denying his motion for a continuance and his application for

asylum, withholding of removal, and protection under the Convention Against

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and for substantial evidence factual findings. *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

The record does not compel the conclusion that Santoso filed his application within a reasonable period of time after his lawful status expired. *See Husyev*, 528 F.3d at 1181-82. The record also does not compel the conclusion that Santoso otherwise established changed or extraordinary circumstances excusing his untimely application. *See* 8 C.F.R. §§ 1208.4(a)(4), (5). In addition, Santoso's conclusory assertions that the agency failed to adequately articulate reasons for finding he did not qualify for an exception, and failed to adequately question him regarding changed country conditions and circumstances accounting for his late filing, are belied by the record. Accordingly, Santoso's asylum claim fails.

Substantial evidence supports the agency's determination that, considered individually or cumulatively, Santoso's experiences did not rise to the level of persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1059-60 ("discriminatory mistreatment" of Indonesian Chinese Christian, including beatings and robberies and being accosted by a hostile mob, did not compel a finding of past persecution); *Fisher v. INS*, 79 F.3d 955, 961-62 (9th Cir. 1996) (en banc) (persecution does not

include "mere discrimination, as offensive as it may be," including government enforcement of discriminatory regulations). Substantial evidence also supports the agency's conclusion that Santoso failed to establish an individualized risk of persecution, even under disfavored-group analysis. *See Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009) (petitioner failed to show he was individually targeted or likely to be individually targeted where he "failed to offer any evidence that distinguishes his exposure from those of all other ethnic Chinese Indonesians"); *cf. Sael v. Ashcroft*, 386 F.3d 922, 927-29 (9th Cir. 2004). Further, the record does not compel the conclusion that there is a pattern or practice of persecution against ethnic Chinese Christians in Indonesia. *See Wakkary*, 558 F.3d at 1060-62. Accordingly, we deny the petition as to Santoso's withholding of removal claim.

We lack jurisdiction to review Santoso's contentions regarding his wife and child because he failed to raise these claims to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (no jurisdiction over claims not presented below). We also decline to consider the new evidence Santoso references in his opening brief because our review is limited to the administrative record underlying the IJ's decision. *See Fisher*, 79 F.3d at 963.

Apart from a conclusory assertion, Santoso does not make any argument challenging the agency's denial of CAT relief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996).

Finally, we decline to consider Santoso's claim that the agency erred in denying his request for a continuance, as well as his due process claims. *See Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996) (per curiam) ("Issues raised for the first time in the reply brief are waived.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**