**NOT FOR PUBLICATION**

SEP 06 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EUGENE PEBA, | No. 07-71288 |
| Petitioner, | Agency No. A095-716-419 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 1, 2011[**]
Pasadena, California

Before: ALARCÓN, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

Eugene Peba, a citizen and national of Nigeria, petitions for review of the

Board of Immigration Appeals' ("BIA") dismissal of his appeal from an adverse

credibility determination on which the immigration judge's ("IJ") denial of his

application for asylum, withholding of removal, and protection under the

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT") was based.[1]  We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.[2]

## I

As an initial matter, we note that Peba did not challenge the IJ's admission of portions of his personal journal into evidence in his appeal to the BIA.  By operation of 8 U.S.C. § 1252(d)(1), this court lacks jurisdiction to consider his claims of procedural error and a due process violation.  *See Vargas v. INS*, 831 F.2d 906, 908 (9th Cir. 1987) ("'[A] petitioner cannot obtain review of procedural errors in the administrative process that were not raised before the agency merely by alleging that every such error violates due process.'"  (quoting *Reid v. Engen*, 765 F.2d 1457, 1461 (9th Cir. 1985))).  Similarly, Peba has waived the ineffective assistance of counsel argument he attempts to raise for the first time in his Reply Brief to this Court.  *See Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply brief are waived").

## II

---

[1]In his briefing before this court, Peba did not challenge the agency's denial of relief under CAT.

[2]On June 13, 2008, this Court dismissed for lack of jurisdiction Peba's untimely petition for review of the BIA's denial of his motion to reopen and reconsider (Case No. 07-73558).  Accordingly, this issue, although raised in Peba's opening brief, is moot.

Peba challenges the agency's adverse credibility finding, which rests on a discrepancy between sworn statements in Peba's application and his hearing testimony recounting his parents' January 2000 abduction by, and presumed death at the hands of, the Nigerian military because they were members of the Ogoni tribe and engaged in activities in support of it, and the reference in two letters Peba drafted in 2005, to his biological father's location, employment, and contact information.

Our review of the adverse credibility determination focuses only on the actual reasons relied upon by the agency, *Marcos v. Gonzales,* 410 F.3d 1112, 1116 (9th Cir. 2005), which we review for substantial evidence. *See Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007) ("[C]redibility findings will be upheld unless the evidence *compels* a contrary result."). Because Peba's application for asylum was filed on May 25, 2006, it is subject to the REAL ID Act amendments to the Immigration and Nationality Act ("INA"). Pub. L. 109-13, Div. B, Title I, § 101(h)(2), 119 Stat. 231 (May 11, 2005). Under the REAL ID Act amendments to the INA, an adverse credibility finding may be based on "any inaccuracies" between an applicant's written and oral statements and any other evidence in the record "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also*

3

*Shrestha v. Holder*, 590 F.3d 1034, 1043 (9th Cir. 2010) (explaining that "[t]he

REAL ID Act implemented an important substantive change concerning the kinds

of inconsistencies that may give rise to an adverse credibility determination" in that

"[i]nconsistencies no longer need to 'go to the heart' of the petitioner's claim. . .

.").

Here, Peba's sworn statements that his father had been presumed dead since

his abduction by the Nigerian security forces in 2000,[3] concern events central to his

testimony regarding his reasons for fleeing from persecution in Nigeria. *See*

*Shrestha* at 1046-47. ("[U]nder the REAL ID Act, "[a]lthough inconsistencies no

longer need to go to the heart of the petitioner's claim, when an inconsistency is at

the heart of the claim it doubtless is of great weight."). The record reflects that the

IJ provided Peba an opportunity to explain this material inconsistency, and that the

IJ considered and addressed "otherwise appropriate, relevant evidence that tend[ed]

to contravene a conclusion" that the inconsistency undermined Peba's credibility.

---

[3]During a November 28, 2005 interview with an Immigration Services
Officer, Peba stated that both of his parents were deceased. In his declaration in
support of his May 25, 2006 asylum application, Peba stated that, since his parents
were detained by security forces in January 2000, he had been unable to confirm
whether they were alive or dead. At the July 25, 2006 hearing on his case, in
response to questioning by the Government about his earlier accounts of his
parents' fate, Peba confirmed that his father had disappeared in, and been
presumed dead since, 2000.

4

*Id.* at 1043-44. The IJ did not ignore favorable evidence; rather, he concluded that, despite it, the inconsistency was so significant that it rendered Peba's account unreliable. Accordingly, Peba's asylum and withholding of removal claims fail because the record evidence does not compel a conclusion that the inconsistency about his father's fate was immaterial or otherwise insufficient to support the adverse credibility determination in this case.

We DISMISS Peba's petition for review as to his claims that the IJ's admission into evidence some of his personal papers constituted procedural or constitutional error. We DENY Peba's petition for review of the agency's denial of his asylum and withholding of removal claims on the basis of an the adverse credibility determination.

**DISMISSED in part and DENIED in part.**