**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TJHANG TJHOEN KIE,

          Petitioner,

  v.

ERIC H. HOLDER, Jr., Attorney General,

          Respondent.

No. 05-74557

Agency No. A096-496-830

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2012[**]

Before:    WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

    Tjhang Tjhoen Kie, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

and protection under the Convention Against Torture ("CAT"). We have

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and for substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Kie fears that he will be persecuted and tortured on account of his Chinese ethnicity, Christian religion, and an imputed political opinion. Substantial evidence supports the BIA's denial of withholding of removal because Kie failed to show, even under disfavored group analysis, that it is more likely than not he will be persecuted if returned to Indonesia. *See Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009) (petitioner did not show individualized risk where he "failed to offer any evidence that distinguishes his exposure from those of all other ethnic Chinese Indonesians"); *Wakkary*, 558 F.3d at 1066 ("An applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence to prevail . . . ."). We reject Kie's contention that the BIA did not consider or inadequately considered his claim under disfavored group analysis because the BIA acknowledged ethnic Chinese Christians are a disfavored group in Indonesia and compared Kie's case to *Sael v. Ashcroft*, 386 F.3d 922 (9th Cir. 2004). We do not address Kie's general contentions regarding imputed political opinion and a pattern or practice of persecution because the BIA did not address these claims, *see Ramirez-Altamirano v. Holder*, 563 F.3d 800, 804 (9th Cir. 2009)

(this court's review is limited to the actual grounds relied upon by the BIA), and Kie does not argue in his opening brief or supplemental brief that the BIA erred in failing to address these claims, *see Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived); *see also Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996) (per curiam) ("Issues raised for the first time in the reply brief are waived."). Accordingly, Kie's withholding of removal claim fails.

Substantial evidence also supports the BIA's conclusion that Kie did not establish it is more likely than not that he will be tortured if returned to Indonesia. *See Wakkary*, 558 F.3d at 1067-68. We reject Kie's contention that the BIA's analysis of CAT relief was deficient. Accordingly, Kie's CAT claim fails.

Finally, we reject Kie's request for a remand based on the passage of time. We also reject Kie's request for a remand based on intervening case law because the BIA addressed his claim under the requisite disfavored group analysis.

**PETITION FOR REVIEW DENIED.**

05-74557