**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWIN ROBERTO MAZARIEGOS-MONTERROSO, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-70303 <br><br> Agency No. A070-775-794 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2013[**]

Before:     FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Edwin Roberto Mazariegos-Monterroso, a native and citizen of Guatemala,

petitions for review of a Board of Immigration Appeals' order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we review de novo claims of due process violations, *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's finding that Mazariegos-Monterroso failed to establish he suffered past persecution on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482-84 (1992). Because he did not establish past persecution, Mazariegos-Monterroso is not eligible for humanitarian asylum. *See* 8 C.F.R. § 1208.13(b)(1)(iii). Further, substantial evidence supports the agency's finding that Mazariegos-Monterroso failed to establish a well-founded fear of future persecution. *See Halim v. Holder*, 590 F.3d 971, 977 (9th Cir. 2009) (petitioner "failed to make a compelling showing of the requisite objective argument of a well-founded fear"); *Molina-Estrada v. INS*, 293 F.3d 1089, 1095-96 (9th Cir. 2002) (petitioner failed to demonstrate a reasonable fear of future persecution). Accordingly, his asylum claim fails.

11-70303

Because  Mazariegos-Monterroso did not establish his eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal.  *See Gormley v. Ashcroft*, 364 F.3d 1172, 1080 (9th Cir. 2004).

Substantial evidence also supports the agency's denial of CAT protection because Mazariegos-Monterroso failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the Guatemalan government upon return.  *See Soriano v. Holder*, 569 F.3d 1162, 1167 (9th Cir. 2009).

We do not reach Mazariegos-Monterroso's voluntary departure arguments because they were raised for the first time in his reply brief.  *See Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996) (per curiam).

Finally, we reject Mazariegos-Monterroso's due process contentions.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**