**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| XIAOPIN ZEN, a.k.a. Xiaoping Zeng,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 12-74044<br><br>Agency No. A099-708-433<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2014[**]

Before:     CLIFTON, BEA, and WATFORD, Circuit Judges.

Xiaopin Zen, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration

judge's decision denying her application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Zen contends she established an individualized risk of persecution based on the government's practice of suppressing dissent and because Chinese authorities personally targeted her due to her involvement in a protest.

We do not consider the new evidence Zen references in her opening and reply briefs. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (court's review is limited to the administrative record). Nor do we consider the new contentions Zen raises in her reply brief regarding Chinese permit laws and regulations. *See Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996) (per curiam) ("Issues raised for the first time in the reply brief are waived.").

Even if Zen showed the government was interested in her, the record does not compel the conclusion that any harm she might face would rise to the level of persecution. *See Lin v. Holder*. 610 F.3d 1093, 1097 (9th Cir. 2010); *cf. Hoxha v. Ashcroft*, 319 F.3d 1179, 1182-84 (9th Cir. 2003). Accordingly, Zen's asylum claim fails.

Finally, Zen does not make any arguments regarding the BIA's denial of her claims for withholding of removal and CAT relief. *See Martinez-Serrano v. INS*,

94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not supported by argument are

abandoned). Thus, we deny the petition as to these claims.

**PETITION FOR REVIEW DENIED.**