**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESUS MARIA VALDEZ-LOPEZ, | No. 14-73976 |
| Petitioner, | Agency No. A074-410-024 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016[**]

Before:     BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Jesus Maria Valdez-Lopez, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order denying her

motion to reconsider.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review

for abuse of discretion the denial of a motion to reconsider.  *Mohammed v.*

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Valdez-Lopez's motion to reconsider as untimely because the motion was filed more than 30 days after the BIA's prior decision. *See* 8 C.F.R. § 1003.2(b)(2) (motion to reconsider must be filed within 30 days of BIA's decision).

To the extent Valdez-Lopez seeks review of the BIA's December 28, 2012, order dismissing her appeal, we lack jurisdiction because the petition for review is not timely as to that order. *See* 8 U.S.C. § 1252(b)(1); *Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003).

We lack jurisdiction to consider Valdez-Lopez's unexhausted contention that ineffective assistance of a previously unnamed attorney or notario caused her motion to reconsider's untimeliness. *See Tijani v. Holder*, 628 F.3d 1070, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA."). Valdez-Lopez has waived her contention regarding the proper place to file her motion. *See Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply brief are waived.").

14-73976

Finally, we lack jurisdiction over claims regarding prosecutorial discretion, *see Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order), and do not consider evidence outside the administrative record, *see Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (stating standard for review of out-of-record evidence).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**