NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MANUEL CEBALLOS PADILLA, AKA Manuel Corona, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No.   18-72664 Agency No. A096-217-007 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 19, 2021[**]

Before:     SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Manuel Ceballos Padilla, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order deciding his motions

to reopen or remand, to dismiss and reinstate, for judicial notice and to stay

proceedings, and to terminate proceedings, and dismissing his appeal from an

_____

      [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

immigration judge's decision denying his applications for cancellation of removal, administrative closure, asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

In his opening brief, Ceballos Padilla does not raise, and therefore waives, any challenge to the agency's competency determination, denial of cancellation of removal, and denial of administrative closure. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived); *see also Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996) (per curiam) ("Issues raised for the first time in the reply brief are waived."). Ceballos Padilla also has not challenged, and therefore waives, the BIA's decisions as to his motions to dismiss and reinstate, and the BIA's denial of his motions to reopen or remand, for judicial notice and a stay of proceedings, and to terminate proceedings. *See Martinez-Serrano*, 94 F.3d at 1259-60.

Even construed liberally, Ceballos Padilla's pro se opening brief does not raise any challenge to the agency's adverse credibility determination. *See id*; *see also Bazuaye*, 79 F.3d at 120. Thus, we deny the petition for review as to asylum, humanitarian asylum, and withholding of removal.

Substantial evidence supports the agency's denial of CAT relief because, even if credible, Ceballos Padilla failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

To the extent Ceballos Padilla contends the agency violated his right to due process, his contentions are either unexhausted, *see Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency), or unsupported by the record.

All pending motions are denied.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**