**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**FILED**

SEP 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| EUGENIA PARIS, AKA Jenny Paris,<br><br>          Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>          Respondent. | Nos.  19-71130<br>       20-71024<br><br>Agency No. A026-823-395<br><br>MEMORANDUM[*] |

On Petition for Review of Orders of the
Board of Immigration Appeals

Submitted September 14, 2021[**]

Before:     PAEZ, NGUYEN, and OWENS, Circuit Judges.

Eugenia Paris, a native and citizen[1] of Romania, petitions for review of the

Board of Immigration Appeals' ("BIA") orders denying her motions to reopen

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1]     In her opening brief, Paris refers to herself as a citizen of Romania and also asserts that her Romanian citizenship was revoked. We do not address the issue of her Romanian citizenship because it is not before the court in this petition for review.

removal proceedings based on ineffective assistance of counsel. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petitions for review.

As to petition No. 19-71130, the BIA did not abuse its discretion in denying Paris's motion to reopen as untimely and number-barred where it was the seventh such motion and was filed more than eleven years after the BIA's final order of removal, *see* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2), and where Paris failed to establish the due diligence required for equitable tolling of the filing deadline, *see Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (deadline for filing motion to reopen can be equitably tolled "when a petitioner is prevented from filing because of a deception, fraud, or error, as long as the petitioner acts with due diligence" in discovering such circumstances).

Paris does not raise, and has therefore waived, any challenge to the agency's determination that she failed to demonstrate any exception to the filing restrictions that apply to motions to reopen. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

As to petition No. 20-71024, Paris does not raise, and has therefore waived, any challenge to the BIA's determination that she failed to demonstrate prejudice

as a result of any ineffective assistance by her current counsel, Maria Janossy, and to the BIA's determination that she failed to demonstrate a statutory or regulatory exception to the time and number limitations that apply to motions to reopen. *See Lopez-Vasquez*, 706 F.3d 1072 at 1079-80.

The BIA did not abuse its discretion in denying Paris's motion to reopen as untimely and number-barred where it was the eighth such motion and was filed more than twelve years after the BIA's final order of removal, *see* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2), and where Paris failed to establish the due diligence required for equitable tolling of the filing deadline, *see Avagyan*, 646 F.3d at 679.

As to petition Nos. 19-71130 and 20-71024, we lack jurisdiction to consider Paris's contentions of error by the immigration judge or the merits of her withholding of removal and Convention Against Torture claims because these consolidated petitions for review are not timely as to that order. *See* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal.").

We decline to reach Paris's contentions regarding her convictions that were raised for the first time in her reply brief. *See Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996) (per curiam) ("Issues raised for the first time in the reply brief are waived.").

3                                                                    19-71130

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal is otherwise denied.

**PETITIONS FOR REVIEW DENIED in part; DISMISSED in part.**