NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 12 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ERNESTO HERNANDEZ-VELASCO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 19-71168

Agency No. A205-576-046

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 8, 2021**

Before: CANBY, TASHIMA, and MILLER, Circuit Judges.

Ernesto Hernandez-Velasco, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen and dismissing his appeal from an immigration judge's ("IJ") decision denying his applications for withholding of removal, relief under the Convention

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"), and cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We review for abuse of discretion the denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We review de novo questions of law. *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Hernandez-Velasco did not establish a clear probability of future persecution in Mexico. *See Lanza v. Ashcroft*, 389 F.3d 917, 934-35 (9th Cir. 2004) (no clear probability of future persecution). We decline to reach Hernandez-Velasco's contentions as to a pattern and practice of persecution that were raised for the first time in his reply brief. *See Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996) (per curiam) ("Issues raised for the first time in the reply brief are waived."). Thus, Hernandez-Velasco's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Hernandez-Velasco did not establish that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

As to cancellation of removal, we lack jurisdiction to review the agency's discretionary determination that Hernandez-Velasco did not show exceptional and extremely unusual hardship to a qualifying relative for purposes of cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). The petition does not raise a colorable legal or constitutional claim over which we retain jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(D); *Martinez-Rosas*, 424 F.3d at 930. Hernandez-Velasco's reliance on *Guerrero-Lasprilla v. Barr*, ⸺ U.S. ⸺, 140 S. Ct. 1062 (2020), is misplaced. *See Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007) (application of a legal standard to undisputed facts is a legal question under 8 U.S.C. § 1252(a)(2)(D)); *see also Mendez-Castro v. Mukasey*, 552 F.3d 975, 979 (9th Cir. 2009) (*Ramadan* does not apply to the subjective hardship standard).

The BIA did not abuse its discretion in denying Hernandez-Velasco's motion to reopen to consider additional evidence for cancellation of removal, even to the extent the evidence of hardship he submitted with the motion is not cumulative, where he failed to demonstrate prima facie eligibility for relief. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1080 (9th Cir. 2013) ("The BIA is entitled to deny a motion to reopen where the applicant fails to demonstrate prima facie eligibility for the underlying relief.").

19-71168

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.