**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 29 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

CARLOS A. LANDEROS,

      Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

      Respondent.

No. 19-72855

Agency No.
A034-266-469

MEMORANDUM[*]

---

On Petition for Review of an Order of an
Immigration Judge

Submitted March 26, 2024[**]

Before:    TASHIMA, SILVERMAN, and KOH, Circuit Judges.

    Carlos A. Landeros, a native and citizen of Mexico, petitions pro se for

review of an immigration judge's ("IJ") order affirming an asylum officer's

negative reasonable fear determination. We have jurisdiction under 8 U.S.C.

§ 1252. We review for substantial evidence an IJ's negative reasonable fear

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

determination, and we review de novo due process challenges to reasonable fear proceedings. *Orozco-Lopez v. Garland*, 11 F.4th 764, 774 (9th Cir. 2021). We deny the petition for review.

Because Landeros does not challenge the IJ's determinations that he failed to show a reasonable possibility of persecution on account of a protected ground or a reasonable possibility of torture if returned to Mexico, we do not address them. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

We decline to reach Landero's claim of harm that was raised for the first time in his reply brief. *See Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996) (court need not reach issues raised for the first time in the reply brief).

Landeros' contentions that the asylum officer violated due process by denying him access to an attorney, interviewing him under duress, and demonstrating prejudice against him, are not supported by the record.

We reject Landeros' contention that the Convention Against Torture ("CAT") provides the right to apply for asylum for individuals in reinstated removal proceedings. *See Maldonado v. Lynch*, 786 F.3d 1155, 1162 & n.7 (9th Cir. 2015) (the two available forms of CAT protection are withholding of removal and deferral of removal); *Perez-Guzman v. Lynch*, 835 F.3d 1066, 1081 (9th Cir. 2016) ("Although the availability of asylum is an important component of our immigration law, it is not unreasonable to conclude Congress intended to bar this

form of relief to persons in reinstated removal proceedings while preserving relief for individuals able to meet the higher standards for withholding of removal and CAT relief.").

To the extent Landeros raises a Sixth Amendment right to counsel claim, it is foreclosed by *Usubakunov v. Garland*, 16 F.4th 1299, 1303 (9th Cir. 2021) ("[N]oncitizens have the right to counsel in removal proceedings, albeit not the right to counsel paid for by the government.").

Landero's motions to take notice (Docket Entry Nos. 34, 38, and 40) are denied.

The stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**